IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MAR OIL COMPANY<br>16952 Township Highway 58<br>Upper Sandusky, Ohio 43351,<br><br>      Plaintiff,<br><br> -vs-<br><br>MYRON KORPAN<br>9302 Charter Pine Street<br>Houston, Texas 77070-2053,<br><br>and<br><br>NATIONAL ENERGY, LLC<br>c/o Myron Korpan, Registered Agent<br>9302 Charter Pine Street<br>Houston, Texas 77070-2053,<br><br>and<br><br>GULFLINK LLC<br>c/o Myron Korpan, Registered Agent<br>9302 Charter Pine Street<br>Houston, Texas 77070-2053,<br><br>and<br><br>RIGHT OF WAY LAND SERVICES LLC<br>c/o Myron Korpan, Registered Agent<br>9302 Charter Pine Street<br>Houston, Texas 77070-2053,<br><br>and | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 3:11-cv-1261<br><br>Judge _____ |

SLK_TOL-#1850596-v1

| | |
|---|---|
| IMAGINE MAPPING LLC<br>c/o Myron Korpan, Registered Agent<br>9302 Charter Pine Street<br>Houston, Texas 77070-2053,<br><br>and<br><br>CHATHAM HOLDINGS LLC<br>c/o Myron Korpan, Registered Agent<br>9302 Charter Pine Street<br>Houston, Texas 77070-2053,<br><br>and<br><br>RONALD BROCK<br>11510 Lakeside Place Dr.<br>Houston, Texas 77077-3239,<br><br>and<br><br>SOLSTICE ENERGY LLC<br>c/o Ronald Brock, Registered Agent<br>10455 Briar Forest Drive, Suite 130<br>Houston, Texas 77042-2536,<br><br>and<br><br>SOLSTICE ENERGY PARTNERS LP<br>c/o Ronald Brock, Registered Agent<br>10455 Briar Forest Drive, Suite 130<br>Houston, Texas 77042-2536,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Plaintiff MAR Oil Company ("MAR Oil" or "Plaintiff"), by counsel, files the following Complaint against Defendants Myron Korpan ("Korpan"), National Energy LLC ("National Energy"), GulfLink LLC ("Gulflink"), Right of Way Land Services LLC ("Right of Way"), Imagine Mapping LLC ("Imagine Mapping"), Chatham Holdings LLC ("Chatham"), Ronald

2

Brock ("Brock"), Solstice Energy LLC ("Solstice Energy"), and Solstice Energy Partners LP ("Solstice Energy Partners") (collectively, "Defendants").

## The Parties

1. MAR Oil is a Delaware corporation with its principal place of business at 16952 Township Highway 58, Upper Sandusky, Ohio 43351.

2. Korpan is an individual residing in Houston, Texas.

3. Brock is an individual residing in Houston, Texas.

4. National Energy is a Texas limited liability company with its principal place of business at 9302 Charter Pine Street, Houston, Texas 77070-2053.

5. Gulflink is a Texas limited liability company with its principal place of business at 9302 Charter Pine Street, Houston, Texas 77070-2053.

6. Right of Way is a Texas limited liability company with its principal place of business at 9302 Charter Pine Street, Houston, Texas 77070-2053.

7. Imagine Mapping is a Texas limited liability company with its principal place of business at 9302 Charter Pine Street, Houston, Texas 77070-2053.

8. Chatham is a Texas limited liability company with its principal place of business at 9302 Charter Pine Street, Houston, Texas 77070-2053.

9. Solstice Energy is a Texas limited liability company with its principal place of business at 10455 Briar Forest Dr., Suite 130, Houston, Texas 77042-2536.

10. Solstice Energy Partners is a Texas limited liability partnership with its principal place of business at 10455 Briar Forest Dr., Suite 130, Houston, Texas 77042-2536.

11. National Energy, Gulflink, Imagine Mapping, and Chatham are owned and/or controlled by Korpan.

12. Right of Way is owned and/or controlled by Korpan and Brock.

13. Solstice Energy and Solstice Energy Partners are owned and/or controlled by Brock.

14. All Defendants conduct substantial business activity in Ohio.

## Jurisdiction and Venue

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that the parties to this action are citizens of different states and the amount in controversy is in excess of $75,000.

16. Venue is proper in this district by virtue of 28 U.S.C. § 1391(a), in that (a) a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the district, (b) a substantial part of the property that is the subject of the action is situated in this district, and (c) Defendants are subject to personal jurisdiction in this district.

## Facts

### A. Gross Overriding Royalty Interest Agreement between MAR Oil and Korpan's Company

17. MAR Oil is a corporation engaged in oil and gas operations in Ohio since 2000.

18. On January 27, 2000, MAR Oil entered into a Consulting and Gross Overriding Royalty Interest Agreement (the "Consulting and GORI Agreement") with Defendant Korpan as its consultant for exploring oil and gas reserves and leasing land in Wyandot, Marion, Crawford and Hardin Counties, Ohio.

19. The Consulting and GORI Agreement states that "Myron [Korpan] agrees that this is an area of non competition and he may not pursue an exploration venture on his own or with any other party without the permission of Wayne Toole [the owner of MAR Oil].  Previous and future information on this area is to be held confidential."

4

20. In 2002, the parties expanded the original Consulting and GORI Agreement to encompass additional counties in northwestern Ohio (the "Area of Mutual Interest"). Accordingly, on July 2, 2002, MAR Oil and National Energy, an entity owned and controlled by Korpan, executed the Gross Overriding Royalty Agreement (the "GOR Agreement," a true and accurate copy of which is attached as Exhibit A) to be effective as of January 27, 2000.

21. Section 8 of the GOR Agreement provides, in pertinent part:

> **[MAR Oil and National Energy] agree that this Area of Mutual Interest constitutes an area of non-competition and [National Energy] may not pursue an exploration venture of its own or with any other party without prior written consent of [MAR Oil].**
>
> **All information contained within this Agreement including the Area of Mutual Interest lands is to be held strictly confidential between [MAR Oil and National Energy].**

22. Pursuant to Sections 2 and 8 of the GOR Agreement, MAR Oil granted to National Energy an interest in any lands and leases acquired by MAR Oil between January 27, 2000 and January 27, 2005. The interest was in the form of a gross overriding royalty of two and one-half percent (2.5%) of the gross proceeds of the sale of all petroleum substances produced from these lands.

23. Section 12 of the GOR Agreement provides that "any right of any party hereto to acquire any interest from any other party hereto" was to terminate at the end of five years from the effective date of the Agreement, i.e. January 27, 2005, "except as to any extension or renewal thereof and any new grant acquired in place thereof to the lands and/or leases … , or any extended period of time mutually agreed upon by the parties hereto and set forth by an amendment to this Agreement."

24. At the time of the entry into the GOR Agreement, both parties understood and intended that the non-competition and confidentiality provisions embodied in Section 8 would

5

continue to be in effect regardless of the termination of the parties' right to acquire the interest in the lands and leases from each other on January 27, 2005.

25. Further, the parties extended and renewed the GOR Agreement by their continued performance under the terms of the agreement. During 2005-2008, Korpan continued to work as a consultant for MAR Oil. MAR Oil continues to pay National Energy the gross overriding royalty interest in the leases acquired prior to the termination date of January 27, 2005. National Energy accepted these grants of the leasehold interests and continues to accept the associated royalty payments and remains bound by the parties' agreement.

### B. MAR Oil's Investment in Oil and Gas Exploration in Ohio

26. In direct reliance on National Energy's and Korpan's promise not to compete with MAR Oil in the Area of Mutual Interest and to maintain strict confidentiality of all information pertaining to the Area of Mutual Interest, MAR Oil expended in excess of five million dollars ($5,000,000) over ten years to conduct and interpret seismic readings, and to perform other research for oil and gas in northwestern Ohio.

27. MAR Oil performed thirty-three miles of two-dimensional and an additional two-and-a-half square miles of detailed three-dimensional seismic readings; drilled nine oil wells; leased over 25,000 acres of land in five counties in the Area of Mutual Interest; and identified over five trends with potential recoverable gas and oil accumulations in northwestern Ohio.

28. MAR Oil financed all the work to conduct and analyze the seismic readings. To accomplish this, MAR Oil engaged services of geo-physicists, geologists, engineers, landmen, and other specialists, and applied a cutting edge method of preparing seismic readings enabling MAR Oil to uniquely identify oil and gas trends in the area.

29. At all times, MAR Oil took reasonable measures to safeguard the secrecy of its confidential and proprietary information. MAR Oil and National Energy entered into the GOR Agreement that contained confidentiality provisions. The members of MAR Oil's exploration and production team were instructed that MAR Oil's proprietary information, including seismic analysis and landowner contacts, was strictly confidential and must not be disclosed without MAR Oil's consent. MAR Oil maintained control over its trade secrets and did not disclose this information to anyone outside of MAR Oil except to a potential investor that signed a written confidentiality agreement.

30. MAR Oil currently operates three oil wells in Marion County and three in Wyandot County. MAR Oil provides many jobs to local residents in these counties and wishes to expand its operations to other counties in northwestern Ohio.

### C. MAR Oil's Reliance on National Energy's and Korpan's Promise Not to Compete and to Maintain Confidentiality

31. National Energy and Korpan, as the senior member of MAR Oil's exploration, research, and production team and MAR Oil's fiduciary and trusted consultant, were given access to MAR Oil's seismic readings and interpretations that showed potential oil and gas reserves in the Area of Mutual Interest. The three-dimensional seismic acquisition and interpretation alone cost MAR Oil in excess of five hundred thousand dollars ($500,000). Using this information, Korpan identified valuable land, contacted landowners, and negotiated land leases with them for MAR Oil.

32. MAR Oil compensated Korpan for his services, reimbursed all of his expenses and, pursuant to the terms of the GOR Agreement, MAR Oil paid and continues to pay Korpan through National Energy 2.5% royalties from the gross sales proceeds of the extracted petroleum substances.

7

33. MAR Oil placed National Energy and Korpan in a position of trust and confidence with respect to its ongoing exploration activities in Ohio, as well as its future strategy and forecasts, and shared all of its confidential information with National Energy and Korpan in direct reliance on Korpan's promise not to compete with MAR Oil in the Area of Mutual Interest, to maintain strict confidentiality of MAR Oil's information, and not to use MAR Oil's trade secrets and confidential information to advance National Energy's and Korpan's personal interests.

34. Korpan knew and understood at all times that MAR Oil's two- and three-dimensional seismic readings and their interpretations, as well as profitability valuations of the oil drill sites, production figures for oil and gas production of MAR Oil's wells, MAR Oil's financial statements, and other related information, derived its independent economic value from being not known to the general public, including MAR Oil's competitors.  Unauthorized disclosure of this information would give MAR Oil's competitors an unfair advantage and would enable them to lease lands along the oil and gas trends identified by MAR Oil without incurring the same investment and research costs and driving up MAR Oil's costs, while reducing MAR Oil's opportunities.

### D. Unauthorized Use of MAR Oil's Confidential Information and Unfair Competition

35. Despite this knowledge and understanding, National Energy and Korpan disclosed MAR Oil's confidential information to Brock.  Brock and his companies knew or should have known that MAR Oil was and is the only rightful owner of the disclosed information and that National Energy and Korpan disclosed and used MAR Oil's confidential information in violation of their fiduciary, contractual, and statutory duties to MAR Oil.

36.     Thereafter, Korpan and Brock, individually and through their entities National Energy, GulfLink, Right of Way, Imagine Mapping, Chatham, Solstice Energy, and Solstice Energy Partners, used MAR Oil's confidential information about oil and gas in the Area of Mutual Interest to approach the land owners and negotiate leases for themselves.

37.     Korpan suppressed from the landowners that he was not acting on behalf of MAR Oil or affirmatively misrepresented to the landowners that he was leasing their lands in his capacity as a representative of MAR Oil to take advantage of MAR Oil's goodwill and good reputation among the local landlowners.

38.     Using MAR Oil's confidential information regarding its best producing oil well, Defendants proceeded to lease lands adjacent to this oil well and other lands on both ends of MAR Oil's three-dimensional seismic trend, including lands immediately adjacent to MAR Oil's current leases. Defendants have attempted to lease additional lands, which run parallel to the oil and gas trends drilled and producing by MAR Oil, but identified to exist with MAR Oil's 2D seismic readings.

39.     Using MAR Oil's confidential information, Defendants solicited leases from many landowners with whom Korpan had negotiated leases on behalf of MAR Oil in the past.

40.     Additionally, Defendants approached several prospective landowners with whom MAR Oil is currently negotiating and extended offers to these landowners to lease their lands at prices exceeding MAR Oil's offers (of which Defendants are aware through Korpan's misappropriation of MAR Oil's trade secrets), which has damaged MAR Oil in expansion of its leaseholds and drilling opportunities in the Area of Mutual Interest.

### E.     Damages and Irreparable Harm to MAR Oil's Business

41.     Defendants' unlawful dissemination and use of MAR Oil's trade secrets and other confidential information have irreparably harmed MAR Oil's business and its multimillion dollar investment in oil and gas exploration in northwestern Ohio.

42.     Defendants' continued leasing of the lands along the oil and gas trends identified by MAR Oil has deprived MAR Oil of the results of MAR Oil's ten-year investment in geological research, development, and exploration.  Defendants' leaseholds have also interfered, and will continue to interfere, with MAR Oil's ability to expand its leaseholds and drilling, and the cost of that expansion.

43.     MAR Oil has suffered and continues to suffer lost profits and other monetary damages arising from Defendants' direct competition and tortious interference with MAR Oil's business relations and business expectancies in the Area of Mutual Interest.

44.     On May 16, 2011, MAR Oil served Korpan and National Energy with a legal notice of MAR Oil's demand that Korpan and his companies (National Energy, GulfLink, Right of Way, Imagine Mapping, and Chatham) cease and desist from their unlawful competitive activity in the Area of Mutual Interest and return MAR Oil's confidential information and trade secrets.  Korpan and his entities have refused to comply with the demand.

45.     On May 16, 2011, MAR Oil also served Brock's entities, Solstice Energy and Solstice Energy Partners, with a demand that these companies return and stop using and sharing MAR Oil's trade secrets and that they cease and desist from their unlawful competitive activity in Ohio.  Brock and his companies have refused to comply with the demand.

## COUNT I
### Misappropriation of Trade Secrets Under Ohio Rev. Code Ann. § 1333.61 *et seq.*
### (Against All Defendants)

46. MAR Oil realleges and incorporates the allegations of all other paragraphs of this Complaint as if fully set forth herein.

47. Defendants, through improper means, have misappropriated and are using MAR Oil's confidential and proprietary information, which are trade secrets under Ohio Rev. Code Ann. § 1333.61(D), including but not limited to, two-dimensional and three-dimensional seismic readings and analysis, geological research, mineral owner contact information, oil well production figures, financial information, lease, drilling, and well equipping pricing and cost information, leases and lease files and notes, and memorized knowledge of confidential and proprietary business practices and information, which National Energy and Korpan obtained through the consulting engagement with MAR Oil.

48. These trade secrets have independent economic value, actual and potential, are not generally known to, and are not readily ascertainable by other persons who can obtain or derive economic value from the disclosure or use of such trade secrets. MAR Oil's competitors can use the confidential and proprietary information to lease and drill without incurring the costs and the time that MAR Oil incurred for research and development.

49. MAR Oil's seismic readings and analysis (including charts, maps, graphics, models, etc.), geological research, mineral owner contact information, monthly oil well production figures, financial information, pricing and cost information, leases and lease files and notes are neither publicly disseminated nor a matter of public knowledge.

50. MAR Oil has used reasonable efforts to maintain the secrecy and confidentiality of such trade secrets by implementing policies and practices governing their use and restricting disclosure.

51. Defendants willfully and maliciously, through improper means, misappropriated MAR Oil's trade secrets in violation of Ohio Rev. Code Ann. § 1333.61, *et seq.* Further, Defendants have obtained and used MAR Oil's trade secrets without its express or implied consent and with the knowledge that such trade secrets were acquired by improper means and with knowledge that such trade secrets were acquired by National Energy and Korpan under the circumstances giving rise to a duty of confidentiality.

52. Defendants intend to use, and are using, MAR Oil's trade secrets for their own benefit and to the detriment of MAR Oil.

53. Defendants' misappropriation of MAR Oil's trade secrets has caused and will continue to cause MAR Oil irreparable harm for which there is no adequate remedy at law.

## COUNT II
**Tortious Interference with Business Relationships/Business Expectancy**
**(Against Korpan, National Energy, GulfLink, Right of Way, Imagine Mapping, Chatham, Solstice Energy, and Solstice Energy Partners)**

54. MAR Oil realleges and incorporates the allegations of all other paragraphs of this Complaint as if fully set forth herein.

55. Defendants have knowingly, willingly and without privilege interfered and continue to interfere with the existing and prospective relations between MAR Oil and owners of the lands in the Area of Mutual Interest. This interference includes using MAR Oil's confidential and proprietary information about oil and gas trends, leases and lease notes, landowner contact information, pricing and cost information, and other information without MAR Oil's consent to compete with MAR Oil and interfere with its gas and oil operations in

Ohio. Further, Defendants' wrongful conduct includes suppression from the landowners that Defendants were not representatives of MAR Oil or misrepresenting to the landowners that Defendants were leasing the lands on behalf of MAR Oil.

56. Defendants' interference has damaged the relationship between MAR Oil and current and prospective owners of the lands in the Area of Mutual Interest.

57. Defendants' interference is improper and without justification. It is also deliberate, willful, malicious, wanton, and done with the intent to injure MAR Oil in its trade and business.

58. As a result of Defendants' tortious interference with current and prospective business relations, MAR Oil has suffered damages and continues to be threatened with imminent and continuing irreparable harm for which there is no adequate remedy at law.

## COUNT III
### Unfair Competition
**(Against Korpan, National Energy, GulfLink, Right of Way, Imagine Mapping, Chatham, Solstice Energy, and Solstice Energy Partners)**

59. MAR Oil realleges and incorporates the allegations of all other paragraphs of this Complaint as if fully set forth herein.

60. Defendants' use of MAR Oil's trade secrets and other confidential and proprietary information to obtain valuable leaseholds in the area of oil and gas trend identified by MAR Oil constitutes unfair competition under the common law of Ohio.

61. Further, Defendants concealed from local landowners that Defendants were not representatives of MAR Oil or misrepresented that Defendants were leasing the lands on behalf of MAR Oil, which constitutes unfair competition under the common law of Ohio.

62. Because of Defendant's unfair competition, MAR Oil has been irreparably damaged.  Unless Defendants are enjoined, MAR Oil will suffer irreparable harm for which it has no adequate remedy at law.

## COUNT IV
### Breach of Contract
### (Against National Energy)

63. MAR Oil realleges and incorporates the allegations of all other paragraphs of this Complaint as if fully set forth herein.

64. National Energy executed a valid and enforceable GOR Agreement which contained explicit prohibitions on competition with MAR Oil in the Area of Mutual Interest and disclosure or use of MAR Oil's confidential and proprietary information.

65. National Energy has engaged in competition against MAR Oil and, by and through its corporate officer Korpan, disseminated and used MAR Oil's confidential information and trade secrets without MAR Oil's consent.

66. National Energy's competition with MAR Oil in the Area of Mutual Interest and unauthorized use and dissemination of MAR Oil's trade secrets and confidential information constitutes a breach of the GOR Agreement with MAR Oil.

67. As a direct and proximate result of National Energy's breach of its GOR Agreement with MAR Oil, MAR Oil has been damaged in an amount to be determined at trial.

## COUNT V
### Breach of Fiduciary Duties
### (Against Korpan)

68. MAR Oil realleges and incorporates the allegations of all other paragraphs of this Complaint as if fully set forth herein.

69. As MAR Oil's trusted agent and consultant, Korpan had a fiduciary duty to conduct himself with the utmost fidelity to MAR Oil, to subordinate his private and personal interests to that of MAR Oil, and to refrain from acting in a manner adverse to MAR Oil's interests.  Similarly, an agent has a fiduciary duty of loyalty and good faith to his principal.

70. To this day, Myron continues to receive royalties from MAR Oil through National Energy.

71. Korpan breached his fiduciary duty to MAR Oil by committing the acts described above, including but not limited to:

    a. misappropriating and disclosing MAR Oil's trade secrets and confidential information;

    b. formulating, planning and implementing a plan to injure the business of MAR Oil;

    c. working to develop a competing oil and gas company unfairly competing with MAR Oil;

    d. interfering with MAR Oil's existing and prospective business relations; and

    e. favoring his own interests to the detriment of MAR Oil.

72. MAR Oil has been damaged as a direct and proximate result of Korpan's breach of his fiduciary duties to MAR Oil in an amount to be determined at trial.

**COUNT VI**
**Unjust Enrichment**
**(Against Korpan, National Energy, GulfLink, Right of Way, Imagine Mapping, Chatham, Solstice Energy, and Solstice Energy Partners)**

73. MAR Oil realleges and incorporates the allegations of all other paragraphs of this Complaint as if fully set forth herein.

74. Defendants have been unjustly enriched by their misappropriation and use of MAR Oil's trade secrets and unfair competition with MAR Oil.

15

75. Equity and good conscience require that any benefit obtained by Defendants as a result of their unlawful actions should inure to MAR Oil.

**WHEREFORE**, MAR Oil respectfully requests that the Court:

a. Grant a temporary, preliminary, and permanent injunction against all Defendants requiring that Defendants:

   i. Return all of MAR Oil's trade secrets and confidential and proprietary information;

   ii. Cease and desist from disclosing or using in any manner any of MAR Oil's trade secrets and confidential and proprietary information;

   iii. Cease and desist from unfairly competing with MAR Oil;

   iv. Assign to MAR Oil any and all leases acquired by Defendants in the Area of Mutual Interest; and

   v. Terminate and surrender any interest, whether recorded or not, in any prior, current, or future lease entered into by MAR Oil with respect to any land in the Area of Mutual Interest.

b. Award compensatory damages equal to the amount of MAR Oil's investment in the oil and gas exploration activities in Ohio;

c. Award compensatory damages equal to the amount of MAR Oil's lost profits from Defendants' unlawful activities;

d. Award compensatory damages equal to the amount of MAR Oil's loss of future profits;

e. Award treble damages pursuant to Ohio Rev. Code Ann. § 1333.63(B);

f. Award attorney's fees pursuant to Ohio Rev. Code Ann. § 1333.64(C);

    g. Award punitive damages against Defendants to deter such conduct in the future; and

    h. Grant any further relief to which MAR Oil is entitled.

                                               Respectfully submitted,

Dated:  June 17, 2011                */s/ Nathan A. Hall*
                                           Thomas P. Dillon (0059899)
                                           Nathan A. Hall (0077014)
                                           SHUMAKER, LOOP & KENDRICK, LLP
                                           1000 Jackson Street
                                           Toledo, Ohio 43604-5573
                                           Telephone: (419) 241-9000
                                           Facsimile: (419) 241-6894
                                           E-mails: tdillon@slk-law.com
                                                          nhall@slk-law.com

                                           Attorneys for Plaintiff
                                           MAR Oil Company

Co Counsel:

Jason E. Manning (VA Bar No. 74306)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile:  (757) 687-7510
E-mail: jason.manning@troutmansanders.com

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

>	*/s/ Nathan A. Hall*
>	Thomas P. Dillon (0059899)
>	Nathan A. Hall (0077014)
>	SHUMAKER, LOOP & KENDRICK, LLP
>	1000 Jackson Street
>	Toledo, Ohio 43604-5573
>	Telephone: (419) 241-9000
>	Facsimile: (419) 241-6894
>	E-mails: tdillon@slk-law.com
>	         nhall@slk-law.com
>
>	Attorneys for Plaintiff
>	MAR Oil Company

18