IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAR Oil Company,

    Plaintiff/Counter-Defendant,

v.

Myron Korpan, et al.,

    Defendant/Counter-Plaintiff and
    Third-Party Plaintiff,

and

Wayne Toole,

    Third-Party Defendant.

Case No. 3:11CV1261

**ORDER**

This is a lawsuit between an oil and gas exploration company and two of its competitors for violation of the Ohio Uniform Trade Secrets Act (OUTSA), O.R.C. § 1333.61 *et seq*.

Starting in 2000, plaintiff MAR Oil Company (Mar Oil) engaged in oil and gas exploration and extraction in Northwest Ohio. Defendant Myron Korpan worked for Mar Oil as its "landman"[1] and geologist from 2000 to 2005. Beginning in 2008, he worked with defendants Right of Way Land Services LLC (ROWLS) and Solstice Energy Partners LP (SEP).

The gravamen of Mar Oil's suit – which, following trial, resulted in the jury awarding Mar Oil more than $2 million in compensatory and punitive damages – is that defendants misappropriated Mar Oil's confidential and proprietary information. Such information included

---

[1] In the industry, a landman is one who uses various methods, including seismic testing, to locate subterranean geological formations that may contain retrievable oil or natural gas. Guided by the landman's work and discoveries, drilling companies enter into leases with property owners to drill for the oil or gas.

seismic data that Korpan had obtained while working for Mar Oil. Defendants used that information to lease land and prospect for oil and natural gas in Northwest Ohio.

Pending are, *inter alia*, defendants' post-trial motions for reformation of punitive damages (Docs. 324, 325) and related briefs (Doc. 332, 333, 334, 335).

For the following reasons, I deny defendants' motions.

## Discussion

Defendants argue I should reform the jury's punitive damages award because: 1) the Ohio statutory provisions generally applicable to punitive damages in tort actions limit them to two times the amount of compensatory damages; and 2) there was no jury finding, and there is no evidence, defendants themselves acted with malice or ratified Korpan's malicious actions, as, they claim, Ohio law requires. (Docs. 324, 325).

Mar Oil responds: 1) OUTSA's punitive damages provision supersedes Ohio's general punitive damages statute, O.R.C. § 2315.21, and permits treble damages; and 2) defendants are liable for Korpan's malicious actions because he was acting as their agent. (Doc. 333).

### A. Treble Damages

Defendants argue § 2315.21 governs here. Section 2315.21(D)(A) states "[t]he court shall not enter judgment for punitive or exemplary damages in excess of two times the amount of compensatory damages." Defendants alternatively argue § 2315(D)(2)(b) applies, which limits punitive damages against a "small employer" to the lesser of two times compensatory damages or ten percent of the defendant's net worth up to a maximum of $350,000.

Mar Oil counters OUTSA's punitive damages provision, O.R.C. § 1333.63(B), trumps § 2315.21. Section 1333.63(B) provides a court may award punitive damages "in an amount not

exceeding three times any [compensatory damages] award made under division (A) of this section."

I agree OUTSA's punitive damages provision controls.

Ohio has codified its rules of statutory construction and interprets conflicting laws as follows:

> If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption *and* the manifest intent is that the general provision prevail.

O.R.C. § 1.51 (emphasis added); *see State v. Conyers*, 1998 WL 456450, *4 (Ohio Ct. App. 1998) ("[W]e cannot find the legislature exhibited a manifest intent that the more recently enacted general provisions . . . should prevail over the earlier enacted special provisions . . . .").

OUTSA, the special provision concerning trade secrets, and § 2315.21, the general provision broadly concerning torts, are irreconcilable. The limitations on punitive damages each provides directly conflict with each other.

The General Assembly enacted OUTSA in 1994 and § 2315.21 in 2004. *Compare* 1994 Ohio Laws 320 *with* 2004 Ohio Laws 80. There is not, however, evidence of the General Assembly's manifest intent § 2315.21 should prevail over OUTSA. Indeed, the General Assembly did not amend OUTSA to conform it to § 2315.21, although it could have. *See Lever Bros. Co. v. Mauer*, 712 F. Supp. 645, 649 (S.D. Ohio 1989) (General Assembly not amending older statute indicates no manifest intent); *State ex rel. Myers v. Chiaramonte*, 46 Ohio St. 230, 239 (1976) (same).

Accordingly, OUTSA's punitive damages provision, O.R.C. § 1333.63(B), applies. *See* O.R.C. § 1.51. I may therefore award punitive damages in an amount not exceeding three times compensatory damages.

**B. Vicarious Liability**

SEP argues because Korpan was a limited partner in SEP, SEP is not vicariously liable for his acts. (Doc. 325).

ROWLS similarly argues although Korpan was a ROWLS owner and manager, no one else at the company was aware of his unlawful conduct, so ROWLS is not vicariously liable for it. (Doc. 324).

Plaintiff responds: 1) SEP is vicariously liable for Korpan's acts because limited partnerships, like other artificial entities, are liable for their agent's conduct in furtherance of the entity's business; and 2) ROWLS is vicariously liable for Korpan's acts because the acts of a company's agent bind the company. (Docs. 332, 333). I agree.

**1. SEP**

It is black-letter law in Ohio "[e]ach partner is an agent of the partnership for the purposes of its business." O.R.C. § 1776.31. Limited partnerships, just like other entities, are liable for their agents' acts committed in the ordinary course of the partnership's business. *See id.* A contrary policy would allow a limited partnership to act with impunity, hiding behind the veil of its partnership agreement.

Moreover, it is well-established:

> A partnership is liable for loss or injury caused to a person *or for a penalty incurred as a result of a wrongful act or omission*, or other actionable conduct, of a partner acting in the ordinary course of business of the partnership or with authority of the partnership.

O.R.C. § 1776.35 (emphasis added); *see Polivchak v. Polivchak Co.*, 2010 Ohio 1656, *4 (Ohio Ct. App. 2010) (affirming trial court judgment holding partnership liable for act of partners).

4

Because Korpan committed his unlawful acts in the ordinary course of SEP's business, there is a statutory basis for holding SEP vicariously liable for those acts, and for the resulting punitive damages award.

SEP argues because it did not exist when Korpan acquired Mar Oil's trade secrets, it is not vicariously liable. (Doc. 325 at 2). Section 1333.61(1)-(2) defines misappropriation to include not only acquisition of a trade secret, but also disclosure or use of a trade secret. When, in the ordinary course of SEP's business, Korpan disclosed and used Mar Oil's proprietary data, he, and SEP, violated OUTSA. *See id.* The jury found that violation to be willful and malicious, and awarded punitive damages for which SEP is liable. *See* O.R.C. § 1776.35.

SEP also relies on my earlier ruling Korpan is not vicariously liable for SEP's acts. (Doc. 325 at 3 (citing Doc. 228 at 19)). I so ruled because a limited partner is not liable for the obligations of a partnership unless he participates in control of the business and, even then, he is only liable "to persons who transact business with the [partnership] with actual knowledge of the limited partner's participation in control." (*Id.* (citing O.R.C. § 1782.19(A)).

That ruling is inapposite to the instant issue. Rather than seeking to hold a limited partner liable for the acts of the limited partnership, Mar Oil seeks to hold a limited partnership liable for acts a limited partner committed on the partnership's behalf. As noted above, Ohio law clearly provides for such vicarious liability. *See* O.R.C. § 1776.35.

Because SEP is vicariously liable for Korpan's malicious conduct, I need not consider evidence of SEP's "own malicious conduct." (Doc. 325 at 4-5).

Accordingly, SEP's arguments against vicarious liability for punitive damages are unavailing.

## 2. ROWLS

In Ohio, if a limited liability company reserves management to its members:

> Every member is an agent of the company for the purpose of its business, and the act of every member, including the execution in the company name of any instrument for apparently carrying on in the usual way the business of the company binds the company, unless the member so acting has in fact no authority to act for the company in the particular matter, and the person with whom he is dealing has knowledge of the fact that he does not have that authority.

O.R.C. § 1705.25(A)(1).

Likewise, in a "manager-managed" limited liability company:

> Every manager is an agent of the company for the purpose of its business, and the act of every manager, including the execution in the company name of any instrument for apparently carrying on in the usual way the business of the company binds the company, unless the manager so acting has in fact no authority to act for the company in the particular matter, and the person with whom he is dealing has knowledge of the fact that he does not have that authority.

*Id.* § 1705.25(B)(1).

Here, Korpan acted on behalf of ROWLS in the usual course of ROWLS' business. There is no evidence he acted without authority, nor is there evidence the people with whom he dealt thought he was acting without authority. Thus, regardless whether ROWLS is a "member-managed" entity or a "manager-managed" entity, Korpan's acts bound it under Ohio law.

ROWLS' claimed ignorance of Korpan's unlawful conduct therefore does not insulate ROWLS from liability.

## Conclusion

It is, therefore

ORDERED THAT defendants' motions for reformation of punitive damages (Docs. 324, 325) be, and the same hereby are, denied.

So Ordered.

/s/ James G. Carr
Sr. U.S. District Judge