## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MAR Oil Company,

        Plaintiff/Counter-Defendant,

        v.

Myron Korpan, et al.,

        Defendant/Counter-Plaintiff and
        Third-Party Plaintiff,

        and

Wayne Toole,

        Third-Party Defendant.

Case No. 3:11CV1261

**ORDER**

This is a lawsuit between an oil and gas exploration company and two of its competitors for violation of the Ohio Uniform Trade Secrets Act (OUTSA), O.R.C. § 1333.61 *et seq*.

Starting in 2000, plaintiff MAR Oil Company (Mar Oil) engaged in oil and gas exploration and extraction in Northwest Ohio. Defendant Myron Korpan worked for Mar Oil as its "landman"[1] and geologist from 2000 to 2005. Beginning in 2008, he worked with defendants Right of Way Land Services LLC (ROWLS) and Solstice Energy Partners LP (SEP).

The gravamen of Mar Oil's suit – which, following trial, resulted in the jury awarding Mar Oil more than $2 million in compensatory and punitive damages – is that defendants misappropriated Mar Oil's confidential and proprietary information. Such information included

---

[1] In the industry, a landman is one who uses various methods, including seismic testing, to locate subterranean geological formations that may contain retrievable oil or natural gas. Guided by the landman's work and discoveries, drilling companies enter into leases with property owners to drill for the oil or gas.

seismic data that Korpan had obtained while working for Mar Oil. Defendants used that information to lease land and prospect for oil and natural gas in Northwest Ohio.

Pending is, *inter alia*, Mar Oil's post-trial motion for application of joint and several liability under OUTSA (Doc. 323) and related briefs (Docs. 326, 327, 328, 329, 330, 331).

For the following reasons, I grant Mar Oil's motion in part and deny it in part.

## Discussion

Mar Oil argues defendants ROWLS and SEP are jointly and severally liable for the jury's award of compensatory and punitive damages because: 1) joint and several liability applies to intentional torts, including trade secret misappropriation, under O.R.C. § 2307.22(A)(3); and 2) the jury determined Korpan acted willfully and maliciously on behalf of both ROWLS and SEP. (Doc. 323).

ROWLS and SEP respond: 1) the jury based the compensatory damages award on unjust enrichment, to which joint and several liability does not apply; 2) joint and several liability may not apply without a specific jury instruction on apportionment of causation; and 3) joint and several liability does not apply to punitive damages.

### A. Compensatory Damages

Under O.R.C. § 2307.22(A)(3):

> In a tort action in which the trier of fact determines that two or more persons proximately caused the same injury or loss to person or property or the same wrongful death and in which the trier of fact determines that fifty percent or less of the tortious conduct is attributable to any defendant against whom an intentional tort claim has been alleged and established, that defendant shall be jointly and severally liable in tort for all compensatory damages that represent economic loss.

Here, the jury found ROWLS and SEP both misappropriated Mar Oil's trade secrets. The jury thus awarded Mar Oil compensatory damages in the amount of $644,000. (Doc. 319-1). It

apportioned the damages award equally between ROWLS and SEP. (*Id.*). I therefore conclude §
2307.22(A)(3) governs, and ROWLS and SEP are jointly and severally liable for Mar Oil's
compensatory damages.

My conclusion is consistent with *Allied Erecting & Dismantling Co. v. Genesis Equip. &
Mfg., Inc.*, 2010 WL 4818367, *14 (N.D. Ohio), *rev'd on other grounds,* 511 Fed. Appx. 398
(6th Cir. 2013) (unpublished disposition), in which I held that "liability for misappropriation of
trade secrets, an intentional tort, is joint and several under Ohio law.".

Defendants argue "[t]he sole element of compensatory damages upon which the jury was
instructed was unjust enrichment," which, they contend, does not allow for joint and several
liability. (Doc. 329 at 2). That argument mischaracterizes the jury instructions, which stated,
"[c]ompensatory damages from improper acquisition, use, or disclosure of a trade secret *can
include* . . . the amount of unjust enrichment the defendant obtained from its acquisition, use, or
disclosure of the trade secrets." (Doc. 317 at 20 (emphasis added)).

Thus, the jury instructions expressly charged the jury to compensate Mar Oil for its
injury, not just to disgorge defendants of the benefits they received through use of Mar Oil's
trade secrets. Indeed, the jury's verdict awards compensatory damages generally, and without
reference to unjust enrichment.[1] (Doc. 319-1).

In light of the above, defendants' objections to joint and several liability for Mar Oil's
compensatory damages fail.

### B. Apportionment of Causation

Defendants next argue joint and several liability is not available because "[t]he jury was
not asked to make a finding, nor did it, of the proportionate responsibility of the defendants,

---

[1]  Neither party requested that I include in the special verdict form specification of the basis for
the compensatory damage award.

under [O.R.C. §] 2307.23(A), so any percentage allocation made by Mar Oil is manufactured from whole cloth." (Doc. 326 (footnotes omitted)).

Defendants requested a jury instruction on apportionment of causation before trial. (Doc. 276 at 4). I denied that request. (Doc. 302 at 3). I am unable to find any record, and defendants cite none, indicating we revisited the issue.

The (somewhat Draconian) law in the Sixth Circuit "generally requires a formal objection [to jury instructions], which should in most circumstances be made *both before and after* the jury instructions are read to the jury." *Woodbridge v. Dahlberg*, 954 F.2d 1231, 1237 (6th Cir. 1992) (emphasis added). As far as I can tell, defendants made no such objection here. Their failure to do so was a failure to comply with Fed. R. Civ. P. 51(c).

To the extent defendants argue the jury instructions constituted "plain error . . . affect[ing] substantial rights," *see* Fed. R. Civ. P. 51(d)(2), I disagree and overrule the objection.

In any event, in Ohio:

> Joint and several liability implies that, where damages are caused by the joint acts of two or more persons, each defendant may be held liable for damages incurred jointly or severally. Judgment can be taken against any joint tortfeasor for the entire amount. Apportionment applies to contribution among the various tortfeasors and not to an individual joint tortfeasor's liability to the plaintiff. As the [Ohio] Supreme Court [has] stated:

> "It is clear from the provisions of the Act that the liability for contribution is distinct from the liability for the jointly committed tort. Liability to an injured party arises at the time of the tort. Liability for contribution arises only in favor of a joint tortfeasor and then only when that tortfeasor has paid more than his proportionate share of the common liability. Ohio's statutory scheme for contribution does not concern the basic relationship of tortfeasors to one who has suffered injury but establishes the relationship of tortfeasors *inter se* when one of them discharges the common liability."

4

> Therefore, the issue of proportionality of payment is an issue simply between the tortfeasors themselves and not between an individual tortfeasor and plaintiff. Plaintiff, if [it] so chooses, may collect the entire judgment from any joint tortfeasor and that tortfeasor is then left to pursue [its] remedies against the other joint tortfeasors.

*Shoemaker v. Crawford*, 78 Ohio App. 3d 53, 66-67 (Ohio Ct. App. 1991) (citations omitted).

Moreover, as noted above, liability for trade secret misappropriation, an intentional tort, is joint and several under O.R.C. § 2307.22(A)(3). Thus, any apportionment of causation between ROWLS and SEP would have no effect on the jury's verdict. *See Allied, supra*, 2010 WL 4818367, *14. My instructions to the jury clearly advised it as to the findings necessary to impose liability for misappropriation on any defendant. (Doc. 317). Plainly, as evidenced by the damages award, the jury found ROWLS and SEP equally liable.[2]

Defendants' argument that a flaw in the jury instructions relieves them of joint and several liability for the compensatory damage award is unavailing.

### C. Punitive Damages

Finally, defendants argue joint and several liability does not apply to punitive damages. (Doc. 326 at 2; Doc. 329 at 3). While it appears some Ohio courts have found it does – *see Northpoint Props., Inc. v. Charter One Bank*, 2014 WL 1327924, *19 (Ohio Ct. App.), *Faieta v. World Harvest Church*, 2008 WL 5423454, *12 (Ohio Ct. App.), and *Powell v. Mayle*, 1992 WL 207023, *1 (Ohio Ct. App.) – joint and several punitive damages do not appear clearly to be a permissible remedy in Ohio. I therefore decline to permit them here.

Accordingly, I deny that portion of plaintiff's motion.

---

[2] Even if the jury had apportioned some percentage of causation to Korpan, that only would have reduced the causation apportioned to ROWLS and SEP to some percentage between one and fifty percent. In that case, O.R.C. § 2307.22(A)(3) would still apply.

**Conclusion**

It is, therefore

ORDERED THAT Mar Oil's motion for application of joint and several liability (Doc. 323) be, and the same hereby is, granted as to compensatory damages and denied as to punitive damages.

So Ordered.

/s/ James G. Carr
Sr. U.S. District Judge