**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MAR Oil Company, et al.,                                    Case No. 3:11CV1261

               Plaintiffs

    v.                                                              ORDER

Myron Korpan, et al,

               Defendants

This is a suit for misappropriation of trade secrets. The jury returned a verdict for compensatory and punitive damages against defendant Right of Way Land Services (ROWLS) and Solstice Energy Partners (Solstice Partners). The judgment as to compensatory damages is joint and several as to both defendants, while the punitive damage verdicts the jury returned as to each defendant are not joint and several. (Doc. 345).

ROWLS has filed two post-trial motions: 1) for a new trial (Doc. 351), and 2) renewed motion for judgment as a matter of law. (Doc. 352). For the reasons that follow, I deny both motions.

Codefendants Solstice Energy, LLC (Solstice Energy) and the owner of both Solstice entities, Raymond Brock, not having been found liable, have moved for an award of costs in the amount of $19,381.11. (Doc. 350). For the reasons that follow, I deny that motion.

Finally, plaintiffs have filed a motion for a default judgment against National Energy, Inc., and Gulflink, LLC (Doc. 348) and a statement of costs and attorney's fees (Doc. 349). For the reasons that follow, I grant the motion for a default judgment and grant in part and deny in part the request for costs and attorneys fees.

## 1.      Defendant ROWLS' Motion for a New Trial (Doc. 350)

The parties agree that I am "not free to reweigh the evidence and set aside the jury verdicts merely because the jury could have drawn different inferences or conclusions or because [I] feel that other results are more reasonable." *TCP Indus., Inc. v. Uniroyal, Inc*., 661 F.2d 542, 546 (6th Cir. 1981).

ROWLS' principal contention is that I improperly permitted the jury to return a joint and several verdict as to compensatory damages, rather than having it apportion, *via* interrogatories, damages as to each defendant separately.

I have previously considered this contention and ruled against ROWLS. *MAR Oil v. Korpan*, 2015 WL 5732125 (N.D. Ohio). There is nothing in ROWLS' present motion and argument that provides a basis for reaching a different conclusion. And I find no reason to elaborate on or add to my earlier ruling, the rationale of which I incorporate by reference.

ROWLS also claims that insufficient evidence supported the jury's finding of liability on its part. I have also previously considered this same argument and found it to be without merit:

> Here, Korpan acted on behalf of ROWLS in the usual course of ROWLS' business. There is no evidence he acted without authority, nor is there evidence the people with whom he dealt thought he was acting without authority.

*MAR Oil Co. v. Korpan,* 2015 WL 5732059, at *3 (N.D. Ohio).

ROWLS' renewed argument that the evidence did not support the verdict contains nothing that I've not considered and ruled on already.

Accordingly, I deny the defendant's motion for a new trial.

### 2.    Defendant ROWLS' Renewed Motion for Judgment as a Matter of Law (Doc. 352)

This motion is simply a recasting of arguments as to the sufficiency of the evidence that I have already found wanting. *Id*.; *see also MAR Oil, supra,* 2015 WL 5732125.

Plaintiffs' response to this motion exhaustively sets for the evidence supporting a verdict against ROWLS. (Doc. 357). For purposes of this opinion, I see no reason to do other than incorporate its review by reference as further support for my prior rulings on the issue of evidentiary sufficiency.

Accordingly, I deny defendant's renewed motion for judgment as a matter of law. (Doc. 352).

### 3.    Codefendants Solstice Energy and Raymond Brock's Motion for an Award of Costs (Doc. 350)

Two defendants the jury determined were not liable, Raymond Brock and Solstice Energy, have moved for an award of fees and costs in the amount of $19,381.11. (Doc. 350). Moving defendants propose a 1/3-2/3 split in that amount; this reflects, in their view, the fact that two of the defendants (movants) were exonerated, while only one, Solstice Partners, was held liable. (*Id.* at 3).

MAR Oil responds there is no basis for any such split or award, as defendants' costs would have been incurred regardless of whether they were parties.

I agree: Mr. Brock hardly could have refrained from either attending trial or testifying. Likewise, the expenses incurred in discovery – including the forensic computer examination about

3

which movants particularly complain – would more likely than not have been the same, or nearly the same, even if movants were not parties.

On review, I agree with plaintiffs' characterization of the circumstances:

[E]very single aspect of this litigation, including hearings, depositions, and discovery, involved at all times not only Ronald Brock and Solstice Energy, LC, but also Solstice Energy Partners, LLP. All costs incurred on behalf of these three Defendants are indivisible and would have been incurred whether or not Brock and Solstice Energy, LC were named as Defendants because the litigation simultaneously involved Solstice Energy Partners, LLP against which Mar Oil obtained a jury verdict.

(Doc. 354 at 2-3).

Though legally separate, Solstice Partners and Solstice Energy were justifiably subject to scrutiny and extensive discovery. The fact that, at the end of the day, only one of those entities was held accountable does not justify arbitrarily awarding fees and costs to the other.

Moreover, as plaintiff points out, the counterclaims against MAR Oil and Wayne Toole, failed – some on summary judgment, the rest at trial.

Accordingly, I deny defendants' motion for an award of fees and costs. (Doc. 349).

**4.      Plaintiffs' Statement of Fees and Costs (Doc. 349)**

Plaintiff MAR Oil seeks an award of $633,912.94 in fees and costs against ROWLS and Solstice Parners. (Doc. 349).

As plaintiffs point out, litigation in this case was protracted, involved extensive discovery, and intense pretrial motion practice. The issue, in light of O.R.C. § 1333.64 and the punitive damages verdict, is not whether to award fees and costs, but whether the costs and fees MAR Oil seeks are reasonable.

4

In response, defendants correctly emphasize that there was an empty chair at trial – the one that defendant Myron Korpan properly should have occupied. It was he who first obtained MAR Oil's trade secrets – the seismic data he created while working under contract with MAR. It was he who was the active agent in misappropriating that data by using it on behalf of ROWLS and during his association with Solstice Partners.

His chair was, nonetheless, empty at trial because he was protected by a Bankruptcy Court stay order.

In light of the jury's verdict, I cannot undo the liability finding (and damage awards), even if the defendants were more passive in the overall misappropriation and use of the data Korpan generated, took, and used. In the end, that Korpan's chair was empty, and that he avoided the infliction of judgment, simply do not matter.

Defendants oppose the demand, contending any award should not include: 1) costs incurred in ancillary, precursor litigation in Texas; 2) MAR Oil's unsuccessful effort at the outset of the case to obtain preliminary injunctive relief; and 3) relative to monies expended in seeking judgments against Mr. Brock, Solstice Energy, Mr. Korpan, and Korpan's company, National Energy, LLC (National Energy). Defendants also contend that the proper billing rate factor is that rate at which comparable counsel would be compensated in Ohio, rather than the rate in plaintiff's counsel's hometown of Virginia Beach, Virginia.

## A. Texas Litigation

Litigation between the parties began when, after MAR Oil's attorney sent cease and desist letters to the defendants, they filed suit against it and Mr. O'Toole in Texas. That court dismissed

the suit for want of personal jurisdiction. Thereafter, it being clear from that litigation that the defendants would not comply with the cease and desist demand, plaintiffs filed this suit.

In seeking to recover the fees and costs expended in Texas, plaintiffs argue that that litigation, despite its unfavorable outcome, generated evidence useful in this case. They also contend the Texas litigation was a proxy for the defendants' fruitless counterclaims here.

I agree with defendants that plaintiffs cannot tack the monies they spent in Texas onto any award in this case. Whatever scant evidence that litigation might have uncovered would have, in all likelihood, been uncovered in the course of litigation in this case. In any event, plaintiffs have provided no caselaw or other authority that would sustain an award for amounts expended in defending against a mis-aimed preemptive strike. Such salvos are commonplace and, in the end, amount to little more than a declaration of war that is going to break out anyway.

In the supplemental statement of fees and costs, MAR Oil shall delete all amounts attributable to the Texas litigation.

### B. Injunction Proceedings

At the outset of the case, plaintiffs sought, without success, a preliminary injunction barring the defendants from further using or disclosing any of MAR's trade secrets. *MAR Oil v. Korpan*, 2011 WL 5023263 (N.D. Ohio).

The defendants contend plaintiffs cannot recover fees and costs associated with the failed injunctive effort, because the plaintiffs "were not remotely the 'successful party' for the injunctive relief sought.

Plaintiffs respond that, though they lost this initial skirmish, their work *vis-a-vis* the preliminary injunction generated valuable supplies for the lengthy conflict to come. In particular,

plaintiffs note the parties deposed Korpan, Brock, and Toole in connection with the preliminary injunction, and that MAR Oil relied on this evidence at the summary-judgment stage and at trial.

I agree with the plaintiffs that, in this kind of protracted litigation, their ability to recover fees and costs associated with one stage of the litigation does not depend on whether they prevailed at that stage of the litigation. Rather, the proper inquiry is whether this work contributed to the overall success of the litigation, and was not so unrelated to the main thrust of the case that it was essentially a separate, failed lawsuit. *Cf. Magnum Steel & Trading, L.L.C. v. Mink*, 2013-Ohio-2713268 (Ohio App.) ("The court may award fees for the total work performed if the prevailing party's claims present a common core of facts and related legal theories.").

Plaintiffs efforts to secure a preliminary injunction, though unsuccessful, helped pave the way for a successful result at trial. The discovery taken in connection with the request for preliminary relief obviated similar discovery *vis-a-vis* the summary-judgment briefs, and was of use to MAR Oil at trial, where it read some of Korpan's deposition testimony into the record.

For these reasons, MAR Oil shall recover all fees and costs it incurred in pursuing the preliminary injunction.

### C. Effect of Judgment Limited to Solstice Partners.

I have already rejected the defendants' demand that I apportion, on a 2/3 - 1/3 basis, the monies they collectively spent in defense of MAR Oil's claims. By seeking to recover all of its fees and costs in prosecuting all their claims against Mr. Brock and both his entities, plaintiffs contend that everything they did, despite prevailing only as to Solstice Partners and ROWLS, is recoverable.

I agree: I see no rational basis on which I can separate the tangled threads of the discovery, pretrial proceedings, and trial in a rational way, and thereby somehow reduce the award. The simple

fact, in light of the jury's verdict, is that MAR Oil, against daunting odds, got a verdict that, in sum and substance, was for everything it sought. That the total victory came against only one of three opponents is, under the peculiar circumstances of this case, immaterial. The only way MAR Oil could have attained that victory was to proceed against all three Brock/Solstice defendants – even if the jury withheld judgment as to two of those three parties. The effort and resources expended against one of the allies is indistinguishable from the effort necessary to attack all three.

Defendants not having provided either a rational basis nor legal authority for untangling the threads, plaintiffs shall receive an award for the fees and costs incurred in their campaign against the three Brock/Solstice entities.

### D. Compensable Rate

I agree with plaintiffs' contention, *inter alia*, the defendants have failed to show a disparity on hourly rates between Virginia Beach and Toledo. That being so, I will not speculate that such disparity might exist.

I agree with plaintiffs that the question is the reasonableness *vel non* of counsels' hourly rates. I find that plaintiffs have shown the requested hourly rate to be reasonable. Mr. Manning's efforts can best be described as persistent and tenacious – even in the face of expressions on my part about the unlikelihood of recovering the kind of award that he did.

All in all, therefore – and despite other evidence as to his experience and competence – I find the hourly rates of counsel to be reasonable.

### E. Conclusion re. Plaintiffs' Cost and Fee Award

To sum up: plaintiffs shall recover no award for expenditures related to the Texas "skirmish;" they shall recover all costs and fees associated with proceedings relating to the

preliminary injunction; and they shall recover in full for the costs and fees incurred thereafter in obtaining their prevailing judgment. The applicable hourly rate is as requested.

Within three weeks of the date of entry of this Order, plaintiffs shall submit a supplemental statement of fees and costs in conformity with this order, Defendants shall, if they have specific objections to the supplemental statement, have leave to file specific objections to the supplemental statement two weeks thereafter; plaintiffs shall have one week thereafter to reply.

**5.     Motion for Default Judgment (Doc. 348)**

Finally, the plaintiffs seek a default judgment against National Energy, Inc., and Gulflink, LLC.

The record reflects service of process on National Energy and Gulflink and, further, that these defendants filed a counter-claim against MAR Oil and Toole. (Doc. 19). Thereafter, MAR Oil prevailed at summary judgment on these counter-claims, and, when the jury trial began, neither National Energy nor Gulflink appeared. Accordingly, the clerk of court entered a default. (Doc. 314).

Service of process having been effected, and defendants having failed to appear or otherwise defend, it is ORDERED THAT the clerk of court shall enter a default judgment against National Energy, Inc., and Gulflink, LLC, reflecting they are jointly and severally liable for:

- $2,910,953 in compensatory damages;

- $8,732,859 in punitive damages; and

- Reasonable attorney's fees and costs, as set forth in plaintiffs' Statement of Fees and Costs.

**Conclusion**

In light of the foregoing, it is hereby

ORDERED THAT:

1.    Defendant ROWLS' Motion for a New Trial (Doc. 350) be, and the same hereby is

      denied;

2.    Defendant ROWLS' Renewed Motion for Judgment as a Matter of Law (Doc. 352)

      be, and the same hereby is denied;

3.    Co-defendants Solstice Energy and Raymond Brock's Motion for an Award of

      Costs (Doc. 350) be, and the same hereby is denied; and

4.    Plaintiffs' Statement of Fees and Costs (Doc. 349) to be supplemented as directed

      herein within three weeks of the date of this order; defendants to respond, if desired,

      within two weeks thereafter; plaintiffs to reply within one week thereafter; and

5.    Plaintiffs' Motion for a Default Judgment (Doc. 348) be, and the same hereby is

      granted.

So ordered.


                                        /s/ James G. Carr
                                        Sr. U.S. District Judge

10